460

In re Liquidation of Mid-Continent Mutual Insurance Company: Kambe and others, Appellants, vs. Duel, Commissioner of Insurance, Respondent. [Four cases.] *

*January 17—February 13, 1945.*

For the appellants there were briefs by *Poss, Toelle & Schuler,* attorneys, and *Benjamin Poss* and *H. W. Schuler* of counsel, all of Milwaukee, and oral argument by *Mr. Schuler.*

*Frank T. Boesel* of Milwaukee, for the respondent.

Fowler, J.   These are four appeals from orders of the circuit court for Milwaukee county pursuant to whose order the Mid-Continent Mutual Insurance Company, a mutual in-

---

* Motion for rehearing denied, with $25 costs, on May 1, 1945.

surance company incorporated under the laws of Wisconsin, was in process of liquidation by the Department of Insurance of the state of Wisconsin. The circuit court made an order for levying an assessment against each policyholder liable for the payment of losses incurred while he was a member and the expenses of liquidation. · A sum was collected in excess of the amount needed to pay these items. Subsequently certain persons who held "surplus notes" executed under sec. 201.17, Stats., claimed right to be paid the amount of the notes out of this excess. These claims were denied by the circuit court to which the claims were presented.

The claimants here claim that they are entitled to be paid out of said excess. The Commissioner of Insurance claims that the excess must be returned *pro rata* to contributing policyholders. By stipulation all of these claims are here heard and decided together.

The material part of the notes involved is in form as follows : .

"Surplus Note No. 111.                          Amount $400.
"Mid-Continent Mutual Insurance Company.

   "Incorporated under the laws of the state of Wisconsin.
   "This certifies that, for value received, Mid-Continent Mutual Insurance Company hereby promises and agrees to pay to Elmer H. Kambe and Carl M. Kindt the sum of four hundred dollars with six per cent (6%) interest after date, at the office of said company, Milwaukee, Wisconsin.
   "It is agreed and understood that this note is payable to the payee hereof out of the surplus earnings of said company in accordance with the provisions of section 201.17 of the statutes of the state of Wisconsin."

Inspection of the above form shows that the notes were executed pursuant to sec. 201.17, Stats., and that they are payable "out of the surplus earnings of said company." Sub. (2) of sec. 201.17 provides that no "surplus notes shall be issued by any mutual insurance company unless it accepts the requirements" imposed by the subsection and that "the prin-

cipal and interest shall be payable only from the surplus over all other liabilities."

It is obvious that the excess fund in the hands of the commissioner is not "surplus earnings of the company." Therefore the notes cannot by the terms of the notes be paid out of that fund. It is also obvious that the fund is not "surplus over all other liabilities." There was no such surplus out of which to pay them, else why liquidation? Therefore the notes cannot under the statute be paid out of the fund.

*By the Court.*—The orders of the circuit court are affirmed.